PER CURIAM.
Appellant, David Jacquot, appeals the order denying his Florida Rule of Civil Procedure 1.540(b)(3) motion for relief from the final judgment of injunction for protection against domestic violence entered against him. The trial court denied the motion without an evidentiary hearing, determining the motion to be moot because the injunction had previously expired by its own terms. Because the expiration of an injunction for protection against domestic violence is one of the recognized exceptions to the dismissal of a moot case, we reverse.
The definition of when a case or issue is moot and the three exceptions to when an otherwise moot case will not be dismissed was .explained by the Florida Supreme Court in Godwin v. State, 593 So.2d 211 (Fla.1992), as follows:
An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect. Dehoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (1943). A case is “moot” when it presents no actual controversy or when the issues have ceased to exist. Black’s Law Dictionary 1008 (6th ed. 1990). A moot ease generally will be dismissed.
Florida courts'recqgnize at least three instances in which an otherwise moot case will not be dismissed. The first two were stated in Holly v. Auld, 450 So.2d 217, 218 n. 1 (Fla.1984), where we said: “[i]t is well settled that mootness does not destroy an appellate court’s jurisdiction ... when the questions raised are of great public importance or are likely to recur.” Third, an otherwise moot case will not be dismissed if collateral legal consequences that affect the rights of a party flow from the issue to be determined. See Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978).
Id. (alteration in original).
Although the final judgment of injunction for protection in the present case had expired by the time Appellant filed his motion for relief from final judgment, the trial court incorrectly denied the motion as moot. Injunctions for protections against domestic violence fall under the third exception to the usual rule of mootness because of the collateral legal consequences that may flow from the injunction. See Stone v. Stone, 128 So.3d 239, 242 (Fla. 4th DCA 2013); Rodman v. Rodman, 48 So.3d 1022 (Fla. 1st DCA 2010). Accordingly, we reverse the order denying Appellant’s motion and remand -for the .trial court to address the motion at an evidentiary hearing. We express no position as to the merits of the motion.
REVERSED and REMANDED.
SAWAYA, EVANDER, and LAMBERT, JJ., concur.